**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MARTHA WHITE,

Plaintiff,

CASE NO.:

-VS-

**JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANSUNION LLC,

Defendants.
_______________________________/

**COMPLAINT**

Plaintiff, MARTHA WHITE (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Equifax Information Services, LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), and TransUnion LLC (hereinafter "TransUnion") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for an actual, statutory, and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §§ 1681, *et seq*. ("Fair Credit Reporting Act" or "FCRA").

2. Moreover,

> Credit is the lifeblood of the modern American economy, and for the American consumer access to credit has become inextricably tied to consumer credit scores as reported by credit reporting agencies. In 1970, the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. v. Burr, 551 U.S. 47, 52 (2007). Towards

> that end, the FCRA requires a company that reports consumer credit information, referred to as a consumer reporting agency ("CRA"), to "adopt reasonable procedures formeeting the needs of commerce" which are "fair and equitable to the consumer."

15 U.S.C. § 1681(b). *Burke v. Experian Info. Sols., Inc.*, No. 1:10-CV-1064 AJT/TRJ, 2011 WL 1085874, at *1 (E.D. Va. Mar. 18, 2011).

3. Congress made the following findings when it enacted the FCRA:

> (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

U.S.C. § 1681(a)(1-4). Thus, one of the fundamental purposes of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C § 1681(b).

4. Accordingly, "[t]she FCRA evinces Congress' intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities.'" *Cushman v. Trans Union*, 115 F.3d 220, 225 (3d Cir. 1997).

5. Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information concerning consumers compiled and sold to users by consumer reporting agencies ("CRAs"), such as Equifax, Experian, and TransUnion.

**FCRA VIOLATIONS AGAINST CRAs**

6. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Equifax, Experian, and TransUnion were given all the details necessary to identify the account, to correct the inaccurate reporting, yet failed to remedy their mistakes.

7. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

8. Accordingly, Plaintiff seeks redress for all aforementioned violations of federal law.

**JURISDICTION**

9. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

11. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

12. Plaintiff is a natural person and resident of Cape Coral, Lee County, Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

13. Equifax Information Services, LLC (hereinafter "Equifax"), is a Georgia corporation with a principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309, which does business in the state of Florida.

14. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

16. Experian Information Solutions, Inc. (hereinafter "Experian"), is a California corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, which does business in the state of Florida.

17. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties

18. Experian disburses such consumer reports to third parties under contract for monetary compensation.

19. TransUnion LLC (hereinafter "TransUnion"), is an Illinois corporation with a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661, which does business in the state of Florida.

20. TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

21. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

22. Plaintiff is the victim of identity theft, as her personal information was fraudulently used in financial transactions without her consent.

23. On or about July 2020, Plaintiff started to receive phone calls from non-party Synchrony Bank, regarding collecting money for charges made on her Old Navy and TJ Max Credit cards.

24. Plaintiff found this to be odd because she did not use these credit cards recently.

25. After reviewing her credit card account, Plaintiff noticed unusual financial activity. She realized that she was the victim of fraud.

26. Plaintiff subsequently reviewed her Equifax, Experian, and TransUnion, credit reports and noticed several inaccuracies involving thousands of dollars in fraudulent charges, her personal information, and other errors.

27. Plaintiff's Equifax credit report contained erroneous account information that is incorrect including, "SYNCB/Old Navy DC (acct# 447995169946*), Opened 12/11/2018 – Balance Amount $3,884" and "SYNCB/TJX CO DC (acct# 524366169387*), Opened 10/17/2019,

Balance Amount $126." Plaintiff is not responsible for the account charges contained on these accounts.

28. Plaintiff's Equifax credit report also contained fraudulent inquiries that she did not make including, "Bristol West Insurance Company – Inquired on 02/23/2021"; "Fortiva – Inquired on 12/01/2020"; "Allstate Ins Co – Inquired on 02/24/2021"; "Capital One Bank USA NA – Inquired on 11/24/2020, 10/27/2020, 04/28/2020"; and "Comenity Capital/Sally Beauty – Inquired on 03/22/2021, 09/16/2020".

29. Plaintiff's Equifax credit report additionally contained inaccurate personal information.

30. Plaintiff's phone number of "(305) 221-8497", and addresses of "12805 NE 10th Ave, North Miami, FL 33161", "1235 NW 35 St, Miami, FL 33142", and "12351 SW 1 St 9, Miami, FL 33175" are all incorrectly contained within Plaintiff's Equifax credit report.

31. To date, Equifax refuses to correct the inaccurate information.

32. Plaintiff's Experian credit report, likewise contained the same incorrect account information including "SYNCB/Old Navy DC (acct# 447995xxxxxxxxxx) Opened 12/11/2018, Account Balance $3,763" and "SYNCB/TJX COS DC (acct# 524366xxxxxxxxxx) Opened 10/17/2019, Account Balance $126."

33. Plaintiff's Experian credit report also contained inaccurate personal information. Plaintiff's names of "Marta White, Martha M. White, Martha Lopez, Marta A. White," phone number of "(305) 221-8497", addresses of "12805 NE 10th Ave, North Miami, FL 33161-4923" , "215 NW 117th St, Miami, FL 33168-4409", "7535 NE 2nd Ct, Apt 3, Miami, FL 33138","67 NW 60th St, Miami, FL 33127-123" , "NE Miami Pl, Miami, FL 33138-5437" and employer of "PLR Transportation "are all incorrectly contained within Plaintiff's Experian credit report.

34. Plaintiff's Experian credit report even contained an erroneous social security number.

35. To date, Experian refuses to correct the inaccurate information.

36. Plaintiff's TransUnion credit report similarly contained the same inaccurate account information involving "SYNCB/OLDNAVYDC (acct# 447995169946xxxx) Opened: 12/11/2018, Account Balance $3,763" and "SYNCB/TJX CO DC (acct# 524366169387xxxx) Opened: 10/17/2019, Account Balance $126."

37. Plaintiff's TransUnion credit report also contained inaccurate personal information.

38. Plaintiff's names of "Marta A. White, Marta White, Martha M. White"; addresses of "67 NW 60th St, Miami, FL 33127-1231, 7535 NE 2nd Ct, Apt 3, Miami, FL 33138-4947, 215 NW 117th St, Miami, FL 33168-4409, 6701 NE Miami Pl, Miami, FL 33138-5437, 12805 NE 10th Ave, North Miami, FL 33161-4923, and 123 S SW St, Apt 5135, Miami, FL 33175, phone numbers of "(239) 458-8122, (305) 835-9758, (239) 673-9594, (305) 221-8497, (786) 754-6890, (239) 458-0670, (618) 494-2010, (305) 220-2467, (239) 574-3241, (305) 661-4666, and (305) 227-4807 are all incorrectly contained within Plaintiff's TransUnion credit report.

39. To date, TransUnion refuses to correct the inaccurate information.

40. After learning of the inaccurate information contained on Plaintiff's credit reports, Plaintiff made several phone calls and written communications, between July 2020 and the filing of this lawsuit, to Defendants in an attempt to fix and/or remove the inaccurate information to no avail.

41. On or about May 10, 2021, Plaintiff sent three (almost identical) dispute letters via United States Postal Service certified mail to Equifax, Experian, and TransUnion, informing them of the aforementioned inaccurate information. Each dispute explained in detail the events leading to the inaccurate credit information. Moreover, they reflected that she was not responsible for the charges to her credit cards.

42. Equifax (USPS # 70190140000061699643) received Plaintiff's dispute letter on May 13, 2021.

43. Experian (USPS # 70190140000061699667) received Plaintiff's dispute letter on May 13, 2021.

44. TransUnion (USPS #70190140000061699674) received Plaintiff's dispute letter on May 13, 2021.

45. Upon information and belief, Equifax, Experian, and TransUnion received Plaintiff's dispute letters and notified the furnishers including, non-parties SYNCB/OLDNAVYDC and SYNCB/TJX CO DC, through the ACDV process.

46. After receiving the dispute, the furnishers verified the incorrect information to the credit bureaus, falsely alleging that Plaintiff was somehow responsible for the fraudulent activity on her credit cards, and still Equifax, Experian, and TransUnion continued to report the false information on Plaintiff's credit report.

47. Despite being provided with the aforementioned letter and information, each of the "big three" credit reporting agencies, Equifax, Experian, and TransUnion failed to delete the damaging inaccurate information from Plaintiff's credit report.

48. On or about June 2, 2021, Equifax sent Plaintiff a letter stating, "We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete…>>> We have research the credit account. Account #- 524366169387* The results are:…THIS CREDITOR HAS VERIFIED TO OUR COMPANY THAT THE CURRENT STATUS IS BEING REPORTED CORRECTLY…Account #-447995169965* The results are: THIS ACCOUNT HAS BEEN UPDATED," and still reports the inaccurate information on her credit report.

49. On or about May 31, 2021, Experian sent Plaintiff a letter stating, "Our reinvestigation of the dispute you recently submitted is now complete…SYNCB/TJX COS DC 524366169387…Outcome: Updated-The item you disputed has been updated, which may include the disputed information… SYNCB/OLDNAVYDC 447995169965… Outcome: Updated-The item you disputed has been updated, which may include the disputed information…", but still reports the inaccurate information on her credit report.

50. On or about June 1, 2021, TransUnion sent Plaintiff a letter stating, "Our investigation of the dispute you submitted is now complete…" and still reports the inaccurate information.

51. To this day, Equifax, Experian, and TransUnion continue to report the inaccurate information on Plaintiff's credit report.

52. To date, the furnishers have failed to report the proper information on Plaintiff's credit reports, despite having been given ample notice of their errors.

53. Under information and belief, Equifax, Experian, and TransUnion have failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54. Under information and belief, Equifax, Experian, and TransUnion failed to conduct a reasonable re-investigation of the credit report and credit files it published and maintains concerning the Plaintiff following receipt of disputes of the accuracy of the account from Plaintiff.

55. To date, Equifax, TransUnion, and Experian have failed to report the proper information on Plaintiff's credit report(s), despite having been given ample notice of the errors contained within and being provided with all necessary and relevant supporting documentation regarding Plaintiff's account with the furnishers.

56. Defendants' failure to report accurate information regarding Plaintiff's account has caused Plaintiff's credit score to drop dramatically.

57. Defendants' failure to correct the inaccurate reporting of Plaintiff's credit worthiness, has adversely affected her ability to obtain certain loans, forcing Plaintiff to obtain alternate means of payment.

58. Plaintiff has suffered both financially and emotionally. Plaintiff has lost an immense amount of time attempting to resolve these inaccuracies.

59. Plaintiff suffered from embarrassment, sadness, fear, worry, anger, and frustration due to Defendants' failure to correct the inaccurate information.

60. Additionally, Plaintiff has suffered damages including but not limited to stress, embarrassment, waste of her personal time, delay in applying for a consumer loan, frustration, anger, fear, and worry due to the Defendants' behavior.

61. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violations of the FCRA-15 U.S.C. § 1681i as to Equifax)

62. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully set out herein.

63. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it

has to know is unreliable. Equifax was given all the details necessary to identify the account, to correct the inaccurate reporting, yet failed to remedy their mistake.

64. Equifax, after reinvestigation and knowing that the furnishers, SYNCB/OLDNAVYDC and SYNCB/TJX CO DC were unable to verify the inaccurate information, failed to promptly delete the item of information on Plaintiff's credit report in direct violation of 15 U.S.C. § 1681i(a)(5)(A)(i). Equifax failed to inquire about any account level information that would have clearly demonstrated the erroneous reporting, including name, dates of birth, current and previous addresses, and other persona information.

65. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

66. Equifax's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

67. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Equifax Information Services, Inc., to Plaintiff; award Plaintiff her attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**(Violations of the FCRA-15 U.S.C. §1681e(b)**
**as to Equifax)**

68. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully set out herein.

69. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax received an almost identical letter than TransUnion and Experian, but responded failed to respond to Plaintiff's dispute letter and kept reporting Plaintiff's erroneous credit information.

70. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by stress associated with poor credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

71. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681o. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting

72. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax Information Services, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**COUNT III**
**(Violations of the FCRA-15 U.S.C. § 1681i**
**as to Experian)**

73. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully set out herein.

74. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notices of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

75. Experian was aware (by their own internal records and reports) that Plaintiff was not responsible for the fraudulent account activity. Experian was in possession of the detailed letters of dispute, May 2021, from Plaintiff, but failed to review it and merely relied on the furnishers, SYNCB/OLDNAVYDC and SYNCB/TJX CO DC's insufficient research of the accounts.

76. Experian, after reinvestigation and knowing that furnishers, SYNCB/OLDNAVYDC and SYNCB/TJX CO DC were unable to verify the inaccurate information, failed to promptly delete the item of information on Plaintiff's credit report in direct violation of 15 U.S.C. § 1681i(a)(5)(A)(i).

77. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

78. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Experian Information Solutions, Inc., to Plaintiff; award Plaintiff her attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**(Violations of the FCRA-15 U.S.C. §1681e(b)**
**as to Experian)**

80. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (61) above as if fully set out herein.

81. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by stress associated with poor credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

83. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting

84. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**COUNT V**
**(Violations of the FCRA-15 U.S.C. § 1681i as to TransUnion)**

85. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (61) above as if fully set out herein.

86. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notices of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

87. TransUnion was aware (by their own internal records and reports) that Plaintiff was not responsible for the fraudulent account activity. TransUnion was in possession of the detailed letters of dispute, May 2021, from Plaintiff, but failed to review it and merely relied on the furnishers, SYNCB/OLDNAVYDC and SYNCB/TJX CO DC's insufficient research of the accounts.

88. TransUnion, after reinvestigation and knowing that the furnishers, SYNCB/OLDNAVYDC and SYNCB/TJX CO DC were unable to verify the inaccurate

information, failed to promptly delete the item of information on Plaintiff's credit report in direct violation of 15 U.S.C. § 1681i(a)(5)(A)(i).

89. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

90. TransUnion's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

91. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against TransUnion LLC, to Plaintiff; award Plaintiff her attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**(Violations of the FCRA-15 U.S.C. §1681e(b)**
**as to TransUnion)**

92. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully set out herein.

93. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

94. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by stress associated with poor credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

95. TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681o. TransUnion failed to properly conduct any independent investigation regarding the erroneous reporting

96. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Dated: July 16, 2021.

Respectfully submitted,

***/s/ _John C. Distasio_____________***

JOHN C. DISTASIO, ESQ.
Florida Bar No.: 096328
CHRIS LIMBEROPOULOS, ESQ.
Florida Bar No. 341126
The Florida Law Group
407 N. Howard Avenue, Suite 100
Tampa, FL 33606
Telephone: (813) 463-8880
john@floridalawgroup.org
chris@floridalawgroup.org
*Attorneys for Plaintiff*